# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | No. 17-1698 John Curtis v. Cafe Enterprises, Inc. |
|---|---|
| **Originating No. & Caption** | 5:15-cv-00032-RLV-DSC John Curtis v. Cafe Enterprises, Inc. |
| **Originating Court/Agency** | US District Court, Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USCS § 1291 |
| Time allowed for filing in Court of Appeals | 30 days post Rule 59-60 Order |
| Date of entry of order or judgment appealed | 11/21/2016 and 05/12/2017 |
| Date notice of appeal or petition for review filed | 06/02/2017 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | 12/19/2016 |
| Date order entered disposing of any post-judgment motion | 05/12/2017 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | (06/12/2017 by operation of law) |
| Is appeal from final judgment or order? | ⊙ Yes     ○ No |
| If appeal is not from final judgment, why is order appealable? | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| Is settlement being discussed? | ⊙ Yes | ○ No |
|---|---|---|

11/21/2016 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiff John Curtis filed a complaint in state court for e.g., breach of contract and misrepresentation against Defendant Cafe Enterprises, Inc., a South Carolina corporation (d/b/a "Fatz Cafe").  On 06/27/2011, after a year as General Manager for the Lincolnton, N.C. Fatz Cafe, Plaintiff entered into Defendant's written "Operating Partner and Employment Agreement". In exchange for Plaintiff's payment of $25,000, he was promised five years of continued employment, base compensation, expenses, a specified percentage of the Cafe's monthly "Profit After Controllables" ("PAC") and a final bonus of 10% of the average PAC for the last 2 years of the 5-year term. The contract specified that a termination based upon performance required a 30-day written notice of deficiencies, and the opportunity to cure. On 09/16/2014, Defendant discharged Plaintiff and terminated the contract without a 30-day notice of deficiencies and without good cause.  After notifying Plaintiff of the termination, Defendant wrongfully confined Plaintiff in the corporate office, forcing him to sign pre-crafted paperwork which falsely stated that the termination was "mutual".  Defendant removed the case to federal court based on diversity jurisdiction, and following extensive discovery, moved for summary judgment based on the signed "Mutual Termination Agreement". The District Court granted Summary Judgment and denied Plaintiff's motion for relief therefrom.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

Did the District Court err in granting Summary Judgment in favor of Defendant under F.R.Civ. P. Rule 56, where genuine issues of material fact as to Plaintiff's claims for unilateral and anticipatory breach of contract arise from contradictory deposition testimony, deficient and falsely worded documentation, and circumstances of force, confinement, and misrepresentation, surrounding the alleged voluntary modification of Defendant's written :"Operating Partner and Employment Agreement"?

Did the District Court abuse its discretion in refusing to alter, amend or correct the Summary Judgment Order and/or in denying relief therefrom under F.R.Civ. P. Rule 59(e) and 60(b)?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Cafe Enterprises, Inc., d/b/a Fatz Cafe, f/k/a Fatz Cafe, Inc. (A NC Corporation) | Adverse Party: Cafe Enterprises, Inc., d/b/a Fatz Cafe, f/k/a Fatz Cafe, Inc. (A NC Corporation) |
| Attorney: J. Michael Honeycutt | Attorney: Adam M. Bridgers |
| Address: 227 West Trade Street, Suite 2020 Charlotte, NC 28202 | Address: 227 West Trade Street, Suite 2020 Charlotte, NC 28202 |
| E-mail: mhoneycutt@laborlawyers.com | E-mail: abridgers@laborlawyers.com |
| Phone: 704-334-4565 | Phone: 704-334-4656 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney: Address: | Attorney: Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: John Curtis<br><br>Attorney: Wlliam E. Moore, Jr.<br>Address: 516 S. New Hope Rd.<br>PO Box 2636<br>Gastonia, NC 28053<br><br>E-mail: bmoore@gastonlegal.com<br><br>Phone: 704-865-4400 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/William E. Moore, Jr.          **Date:** 06/16/2017

**Counsel for:** Appellant, John Curtis

**Certificate of Service**: I certify that on 06/16/2017 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| J. Michael Honeycutt<br>Adam M. Bridgers<br>Fisher & Phillips, LLP<br>227 West Trade Street, Suite 2020<br>Charlotte, NC 28202<br>Tel: 704-334-4565<br>Fax: 704-334-9774<br>mhoneycutt@laborlawyers.com<br>abridgers@laborlawyers.com | |
| Signature: s/William E. Moore, Jr. | Date: 06/16/2017 |